UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH ERIC HUNT *et al.*,                    Case No. 2:21-cv-01462-CL

             Plaintiffs,                                ORDER TO AMEND

      v.

SNAKE RIVER CORRECTIONAL
INSTITUTION,

             Defendant.
_____

CLARKE, Magistrate Judge.

       Plaintiff Kenneth Eric Hunt ("Hunt"), a self-represented litigant in custody at Snake

River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. §

1983 ("Section 1983") against defendant SRCI. Hunt's Complaint is deficient in several respects

and he must amend his allegations for this action to proceed.

       The Court must dismiss an action initiated by an individual in custody seeking redress

from a governmental entity or official if the Court determines that the action: (i) is frivolous or

1 – ORDER TO AMEND

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the

plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief."

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se

pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can

cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of

Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

"Section 1983 creates a private right of action against individuals who, acting under color

of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d

1070, 1074 (9th Cir. 2001). Therefore, "[t]o state a claim under [Section 1983], the plaintiff must

allege two elements: (1) that a right secured by the Constitution or laws of the United States was

violated; and (2) that the alleged violation was committed by a person acting under color of state

law." *Campbell v. Washington Dep't of Soc. Servs*., 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing

*Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

Hunt alleges that on three occasions between July and August 2021, Plaintiff Jennifer

Evans sent him mail that "SRCI . . . opened then taped back closed and returned . . . with no

notice or expl[a]nation." (Compl. (ECF No. 1), at 2-3.) Hunt alleges that SRCI "knowingly and

willingly made false statements" in response to his communication form inquiring about the

returned mail. (*Id.* at 2.) Hunt claims that SRCI's "deliberate and blatant refusal of mail . . .

2 – ORDER TO AMEND

to . . . Hunt from Jennifer Evans . . . is being done in retaliation" for a lawsuit Hunt filed in state court. (*Id.*at 3.)

As an initial matter, Hunt, who is proceeding *pro se*, also names Jennifer Evans as a plaintiff in this case. "It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Johns v. County. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (explaining that "a non-attorney may appear pro se on his own behalf, [but] '[h]e has no authority to appear as an attorney for others than himself'") (quoting *C.E. Pope Equity Tr. v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987)). Thus, to the extent Hunt seeks to litigate claims on behalf of Jennifer Evans, he may not do so.

Hunt also fails adequately to state a claim under Section 1983. Hunt brings his claims against a single defendant, SRCI, which is not a "person" that may be sued under Section 1983. *See Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state and therefore not a "person" within the meaning of Section 1983); *see also Barraza v. Montgomery*, Case No. 3:17-cv-1048-MMA-RBB, 2018 WL 1156588, at *2 (S.D. Cal. Mar. 5, 2018) (explaining that the state department of corrections "and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under [Section] 1983").

Furthermore, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curium) (noting that "[t]here can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to filing of such a suit"). The State of Oregon has not consented to be sued

in federal court or otherwise waived its immunity. *See Webber v. First Student, Inc.*, 928 F.

Supp. 2d 1244, 1269 (D. Or. 2013) (noting that the Oregon Tort Claims Act "provides a limited

waiver of . . . sovereign immunity for the torts of [State] officers, employees and agents" but

does not waive immunity to suit in federal court). Therefore, the Oregon Department of

Corrections ("ODOC") — and by extension SRCI — is immune from suit.

Even if Hunt had named a proper defendant in this case, his complaint is devoid of any

facts from which the Court could infer that he is entitled relief on his claims. Hunt's claims are

based on SRCI's alleged interference with his mail in retaliation for his filing a lawsuit against

unidentified ODOC employees in state court. Specifically, Hunt alleges that SRCI improperly

returned mail to its sender, Jennifer Evans, but he fails to explain who was responsible rejecting

the mail, why it was returned, and what injury he suffered as a result. Hunt's allegations

therefore are insufficient to state a claim. *See Turner v. Wood*, Case No. 1:18-cv-00930-EPG

(PC), 2018 WL 4471119, at *4 (E.D. Cal. Sept. 17, 2018) (explaining that although "intentional

interference in the mail could state a constitutional violation, merely alleging that mail was

improperly returned is not enough to state such a claim"). Moreover, Hunt alleges that SRCI

returned mail to Jennifer Evans on only three occasions, which likely is not enough to bring a

claim for intentional interference. *See Eakins v. Whitake*, Nos. C 95-3324 SI, C 95-3638 SI, C

95-3662 SI, 1995 WL 761250, at *1 (N.D. Cal. Dec. 11, 1995) (dismissing with prejudice the

plaintiff's claim that the defendants interfered with his mail by designating it "undeliverable" on

two occasions because "[i]solated incidents of mail delay or interference fail to rise to the level

of a constitutionally cognizable claim").

Similarly, "'bare allegations' of a retaliatory motive are insufficient to support a

retaliation claim." *Drennon v. Blades*, Case No. 1:19-cv-00021-REB, 2019 WL 7195604, at *9

4 – ORDER TO AMEND

(D. Idaho Dec. 26, 2019) (quoting *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985)); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (explaining that the Ninth Circuit has "repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient" to state a claim. Rather, to state a claim for retaliation under the First Amendment, Hunt must allege that: "(1) a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Hunt also must demonstrate that a causal connection between the adverse action and the protected activity exists, that he suffered more than minimal harm, and that the retaliatory action actually chilled his speech. *Id.* at 568 n.11.

Although "[p]rison officials may not retaliate against [an individual in custody] for initiating litigation or filing administrative grievances[,]" *Slavick v. Lalotoa*, CIV. No. 16-00601 DKW/RLP, 2016 WL 6996991, at *3 (D. Haw. Nov. 23, 2016) (citing *Rhodes*, 408 F.3d at 568), Hunt provides no facts to demonstrate that an adverse action was taken against him and by whom, that the requisite causal connection exists between such action and the pending litigation in state court, that he suffered more than minimal harm, and that the individual's conduct actually chilled his speech. Indeed, the alleged retaliatory conduct at issue apparently did not dissuade Hunt from filing this lawsuit. Accordingly, Hunt fails to state a claim and he must amend his complaint for this action to proceed.

///

///

///

5 – ORDER TO AMEND

CONCLUSION

Within thirty days from the date of this Order, Hunt shall file an amended complaint curing the deficiencies noted above. The Court notes that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Hunt is cautioned that if he does not file an amended complaint within thirty days, this action will be dismissed.

IT IS SO ORDERED.

DATED this __16__ day of November, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge

6 – ORDER TO AMEND